THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* EMMA LEE CLAY, Defendant-Appellant.

(No. 73-39; ▮▮▮▮▮▮▮▮▮

Second District—May 8, 1974.

William L. Balsley, of Loves Park, for appellant.

Philip G. Reinhard, State's Attorney, of Rockford, for the People.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

Defendant was convicted of the offense of theft under $150 after a bench trial and sentenced to 1 year in Dwight. She appeals, contending that she was denied her right to a jury trial, that she was not proven guilty beyond a reasonable doubt, that it was error for the trial judge to transfer the case for sentencing, and that the court erred in denying her motion for a free psychiatric examination.

We conclude at the outset that there is merit to defendant's claim that she was wrongfully denied the right to withdraw a written jury waiver and that the cause must be remanded to give defendant the right to a trial by jury.

The transcript of the arraignment which took place on May 30, 1972, shows that defendant was present without counsel. When asked by the court how she would plead, she first answered, "Guilty, I guess", and then, "Guilty". The court refused to accept the plea when it appeared on inquiry that defendant denied that she either stole the dresses which were the subject of the theft, or aided in the theft. It then appears from the transcript:

> "The Court: I will enter a plea of not guilty and show a jury waiver and set this matter for pre-trial conference.
>
> (Whereupon, the waiver of the jury was executed by the defendant as indicated by the Court.)"

The transcript of the proceedings is devoid of any inquiry which could reflect on a knowing and understanding waiver of jury. Even the common-law docket entry, while reciting certain other admonishments, makes no reference to the defendant being advised of her right to a jury trial and merely recites "and jury waiver signed".

■■ The trial court has the duty to ascertain that waiver of jury is expressly and understandingly made. (*People v. Wesley* (1964), 30 Ill. 2d 131, 133. See also *People v. Petersen* (1974), 17 Ill.App.3d 927, 308 N.E.2d 828 (abstract opinion).) Waiver of jury trial (Ill. Rev. Stat. 1971, ch. 38, sec. 115—1) cannot be presumed from a silent record. (*People v. Rosen* (1970), 128 Ill.App.2d 82, 85. *Cf. People v. Karabatsos* (1971), 131 Ill.App.2d 33, 36.) We have held that a signed jury waiver by itself is insufficient to show a relinquishment of defendant's constitutional right to a jury trial. *People v. Gaston* (1971), 132 Ill.App.2d 900, 901; *People v. Spates* (1971), 132 Ill.App.2d 902.

The State argues that there is an affirmative showing in the record that defendant understandingly and voluntarily entered this particular jury waiver. The State's reliance on a stipulated statement of facts relating to the hearing on the motion to withdraw the signed jury waiver to supply evidence of a waiver at the time of arraignment, is misplaced. The stipulation recites:

"On July 6, 1972, the Defendant appeared in Court with her attorney and made an Oral Motion to set aside the jury waiver. She testified that she did not realize that she was signing a jury waiver at her arraignment. The Motion was denied upon the Court's finding that the waiver was knowingly and voluntarily made."

The State argues that the judicial hearing, together with a written form, provides an adequate safeguard that the constitutional right was knowingly waived. We do not have before us, however, any record which we may review to confirm that the defendant was advised and knowingly gave up her right to a jury trial on the bare conclusion of the court at a later hearing that the waiver was knowingly and voluntarily made on a previous occasion.

■■ The case must therefore be reversed and remanded with instructions to allow defendant's motion to withdraw her jury waiver.

As an aid to the trial court on remand we will rule on one of the issues raised which may arise on re-trial.

■■ We conclude that the trial court properly denied defendant's motion for a free psychiatric examination on the record before us. The determination of the court after conducting an inquiry into the matter that no bona fide question of defendant's competency to stand trial was raised was well within the court's discretion, and is not challenged by the defendant. See *People v. Zerba* (1960), 20 Ill.2d 269, 271; *People v. Patch* (1970), 44 Ill.2d 447, 452; *Brown v. People* (1956), 8 Ill.2d 540, 545-546.

■■ Defendant is apparently contending that because she had a psychiatric history she should have the benefit of an examination and expert testimony to inquire into the possibility of raising a defense of insanity at the time of the charged offense. An indigent defendant may be entitled to funds to hire an expert witness where the expert testimony is deemed crucial to a proper defense. (*People v. Watson* (1966), 36 Ill.2d 228, 232-234; *People v. Winfrey* (1973), 11 Ill.App.3d 164, 166), but here no showing was made that the psychiatric examination was crucial to a proper defense. The sanity of the defendant at the time of the crime was not placed in issue by the defendant. The court, therefore, did not abuse its discretion in denying public funds so that defendant could explore the mere possibility of raising insanity as a defense.

We reverse the judgment below and remand with directions to the trial court to allow defendant's motion to withdraw her written waiver of jury and to permit a re-trial before a jury.

· Reversed and remanded, with directions.

GUILD and RECHENMACHER, JJ., concur.