THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CRAIG ALLEN PRICE, Defendant-Appellant.

Third District   No. 75-193

Opinion filed September 29, 1976.

Robert Agostinelli and Michael Pelletier, both of State Appellate Defender's Office, of Ottawa, for appellant.

Patrick J. Corcoran, State's Attorney, of Carthage (James E. Hinterlong and Linda M. Vodar, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

The defendant, Craig Allen Price, was found guilty by a jury in the circuit court of Hancock County of armed robbery and was sentenced to not less than 6 nor more than 12 years in the Illinois State Penitentiary.

Before trial, defendant had negotiated a guilty plea to a lesser charge and the state's attorney, defendant and his attorney then requested Judge Klukos to listen to the terms of that negotiated plea. Judge Klukos asked to see the defendant's record sheet, but neither defense counsel nor the state's attorney could immediately provide him with the record sheet or any of the information contained in it. At a later hearing on the same day, the state's attorney stated that defendant had been found guilty of a burglary in Iowa but had yet to be sentenced for that crime. The judge then refused the offer of the negotiated plea and declined to discuss the matter further. Defendant then pleaded not guilty and filed a motion for substitution of judges, which was denied by the court. Defendant argues that the trial court's failure to grant this motion was error, alleging that Illinois Supreme Court Rule 402 required the judge to recuse himself in such situation. Ill. Rev. Stat. 1975, ch. 110A, par. 402(d)(2).

Rule 402(d)(2) requires the judge to recuse himself when he has conditionally concurred in a negotiated plea but thereafter withdraws his conditional concurrence and the defendant pleads not guilty. Whether Rule 402(d)(2) requires the trial judge to recuse himself in the present case depends on whether the communications between the parties and the trial judge at the initial conference amounts to a conditional concurrence. If the trial judge did not make a conditional concurrence, he was not required to recuse himself from the case. *People v. Rudnicki*, 27 Ill. App. 3d 87, 327 N.E.2d 303.

While the trial judge did not expressly state that he conditionally

concurred in the proposed disposition, defendant argues that the trial judge's not wanting to accept the plea without first seeing defendant's record, is in itself sufficient to constitute a conditional concurrence. We do not agree. While a verbatim transcript of the initial plea hearing was not made, Judge Klukos did state his recollection of the guilty plea proceedings. As we view the trial judge's recollections of what transpired, we believe that he neither gave a conditional concurrence nor intended that one be given. The mere fact that a trial judge refuses to make a ruling until he has seen the defendant's record cannot be considered a conditional concurrence. (See *People v. Lambrechts*, 41 Ill. App. 3d 729, ___ N.E.2d ___; *People v. Jones*, 18 Ill. App. 3d 1023, 310 N.E.2d 490.) As we interpret Rule 402(d)(2), it requires a judge to recuse himself in somewhat different circumstances. When a judge is given representations by counsel for both parties as to the facts in aggravation or mitigation of the negotiated sentence, but no actual evidence is produced, the trial judge necessarily relies on counsel's representations in reaching his decision and may conditionally concur pending later verification of those representations. If later evidence establishes additional or different evidence in aggravation or mitigation of the sentence than that represented to the court by counsel, the trial judge may withdraw his conditional concurrence and, if the defendant changes his plea to not guilty, the judge must recuse himself. Here, the trial judge simply refused to make any ruling whatsoever. Neither counsel could represent the status of defendant's record upon request because neither had any knowledge of it. Without any representations by either counsel as to the status of defendant's record, the trial judge simply stayed his ruling until a future time. Here, that time was a second conference later in the same day. Therefore, the trial judge quite properly declined to recuse himself from the trial.

■■ The defendant also urges error in the trial court's ruling that a guilty jury verdict is a conviction for purposes of impeachment. As was stated earlier, the defendant had been found guilty by a jury in Lee County, Iowa, of the crime of burglary and at the time of this trial, was still awaiting sentencing. In a motion in limine defendant sought to prohibit the prosecution from using the prior Iowa guilty verdict for impeachment of defendant's testimony, but the trial court denied the motion. In response to questioning by his attorney during direct examination, defendant stated that he had been tried before a jury on a burglary charge, that he had been found guilty, but that there had not been a final determination of the case. Upon cross-examination the state's attorney elicited from defendant that the lack of a final determination defendant had been referring to on direct examination was the absence of a sentence to the Iowa jury's guilty verdict. Defendant reasons that since a

jury verdict is not a conviction, the jury verdict was evidence of other crimes and therefore not admissible at trial. Defendant's arguments contain one serious flaw. While it is true that the trial judge denied defendant's motion in limine to prohibit the prosecution from using the prior guilty verdict to impeach the defendant, it was defendant himself who first testified as to the existence of the guilty verdict. We recognize that this was done for obvious tactical reasons, but such reasons do not negate the fact that it was defendant's own actions which brought the fact of the prior guilty verdict to the jury's attention. A defendant cannot take advantage of his own actions at trial in urging a reversal before a court of review. (*People v. Clements*, 316 Ill. 282, 147 N.E. 99; *People v. Curwick*, 33 Ill. App. 3d 757, 338 N.E.2d 468.) Defendant contends that the denial of his earlier motion in limine was sufficient to preserve the issue for review. We believe that such contention is without merit. It is elemental that a defendant who fails to pursue a course of conduct consistent with his earlier objection, waives his objection. We therefore do not need to consider whether a guilty jury verdict is a conviction for purposes of impeachment.

For the foregoing reasons the judgment of the circuit court of Hancock County is affirmed.

Judgment affirmed.

ALLOY, P. J., and STENGEL, J., concur.