THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CURTIS LEE LOGAN, Defendant-Appellant.

Fifth District    No. 75-490

Opinion filed July 8, 1977.

Ralph Ruebner and Alan D. Goldberg, both of State Appellate Defender's Office, of Elgin, for appellant.

Nicholas G. Byron, State's Attorney, of Edwardsville (Bruce D. Irish and Raymond F. Buckley, Jr., both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal by defendant, Curtis Lee Logan, from the judgment entered by the circuit court of Madison County after a jury trial, finding him guilty of the offense of burglary.

Defendant presents two issues for review: (1) whether the trial court erred in denying defendant's petition for a hearing on his fitness to stand trial and for the appointment of a psychiatrist; and (2) whether defendant was denied a fair trial due to the admission of evidence that he committed other offenses.

This case arises from the burglary of a storage building owned by Joseph Manns. The State's primary evidence at trial consisted of a video taped and transcribed confession by defendant in which, *inter alia*, he admitted that he and an accomplice, Gerald Dewey Main, had committed the offense. In addition, certain equipment found in the possession of Main was identified at trial by Joseph Manns as property taken from his building. Defendant presented no evidence.

Prior to trial, defense counsel filed a petition asking the trial court to appoint two psychiatrists to examine defendant and to hold a hearing for

the purpose of determining defendant's fitness to stand trial. A hearing was held on the petition wherein the court extensively examined defendant and thereafter the petition was denied. On appeal defendant raises three related arguments in support of his contention that the court erred in denying the petition. First, he argues, citing no authority, that under section 5—2—1(g) of the Unified Code of Corrections (Ill. Rev. Stat. 1975, ch. 38, par. 1005—2—1(g) of the Unified Code of Corrections (Ill. Rev. Stat. 1975, ch. 38, par. 1005—2—1(g)) the appointment of an expert to examine defendant was mandatory. Section 5—2—1(g) provides:

> "If requested by the State or defendant, the court shall appoint a qualified expert or experts to examine the defendant and testify regarding his fitness. The court shall enter an order on the county board to pay the expert or experts."

■■ Implicitly defendant presumes that the purpose of such an appointment is to ascertain whether a bona fide doubt exists as to a defendant's fitness to stand trial. To the contrary the statute clearly indicates that the purpose of such an appointment is to obtain expert testimony at a fitness hearing. A defendant is not entitled to a fitness hearing until the trial court has notice of facts raising a bona fide doubt as to his fitness to stand trial. (*People v. McCullum*, 66 Ill. 2d 306, 362 N.E.2d 307.) It follows then that a defendant is not entitled to the appointment of an expert upon request, until there first exists a bona fide doubt as to the defendant's fitness. (*People v. Hayes*, 32 Ill. App. 3d 953, 337 N.E.2d 280; *People v. Clay*, 19 Ill. App. 3d 296, 311 N.E.2d 384.) Whenever it does appear during proceedings that there is a bona fide doubt of the defendant's fitness, it is the trial court's responsibility to stop the proceedings and determine the question of fitness before continuing. (Ill. Rev. Stat. 1975, ch. 38, par. 1005—2—1(c); *People v. Fontaine*, 28 Ill. App. 3d 450, 328 N.E.2d 685.) At this point under the terms of the statute, the appointment of an expert upon the request of either the defendant or the State is required by the court. However, the initial question of whether a bona fide doubt exists regarding fitness lies entirely within the sound discretion of the trial court and its determination will only be overturned for an abuse of discretion. *People v. Carter*, 16 Ill. App. 3d 842, 306 N.E.2d 894.

■■ In the instant cause, the court determined that there existed no bona fide doubt as to defendant's fitness, hence the court was not required to appoint an expert under the statute.

Secondly, defendant argues that the court applied the "wrong standard" in determining the question presented by defendant's petition. Section 5—2—1(a) of the Unified Code of Corrections provides that:

> "For the purposes of this Section a defendant is unfit to stand

trial or be sentenced if, because of a mental or physical condition, he is unable:

(1) to understand the nature and purpose of the proceedings against him; or

(2) to assist in his defense."

Upon a close reading of defendant's argument it appears that based on section 5—2—1(a) defendant in fact contends that while the court specifically found that defendant was able to understand the nature and purpose of the proceedings, the court erred in failing to make a specific finding that defendant was able to assist in his defense. The question thus presented is a technical one of whether in response to the petition presented such a specific finding is required in the record. We find no authority supporting defendant's argument. Defendants mischaracterizes the issue raised by the petition in arguing that the court must specifically find defendant fit to stand trial. Fitness is presumed unless the court receives notice of facts raising a bona fide doubt as to fitness. Consequently, that the court failed to make a specific finding that defendant was able to assist in his defense is of no import. Rather, review is limited to the question of whether the evidence presented raised a bona fide doubt as to defendant's fitness to stand trial so that the court's refusal to grant a fitness hearing was an abuse of discretion. We thus turn to defendant's third argument which squarely presents this question.

Defendant's petition, in attempting to raise a bona fide doubt of fitness, presented three allegations which were essentially that: (1) defendant had "attempted to do great bodily harm to himself by the consumption of toxic chemicals"; (2) defendant had a "history of mental illness"; and (3) defendant was unable to cooperate with his trial counsel because he "is obsessed with the well-being of his family." At the hearing on the petition, defendant stated under questioning by the court that he had consumed some disinfectant while in jail in order to be sent to a hospital where his estranged wife then was so that he might be able to see her. In regard to the second allegation, defendant stated that approximately ten years previously he had been committed to a State hospital and shortly thereafter to a prison mental ward in Texas. Since 1967 defendant had not been in any mental institutions although between 1967 and 1971 he had "seen some psychiatrists" of his own volition.

Defendant also told of his relationship with his wife, his history and background, and his involvement with various criminal proceedings. He further stated that he understood the purpose, nature and seriousness of the proceedings against him. In addition to his testimony, defense counsel stated in regard to the third allegation that defendant was "obsessed" with the well-being of his family such that it was difficult for the attorney to discuss the facts of the case with his client.

■■ Taken as a whole, we do not consider that the evidence presented raised a bona fide doubt of defendant's fitness. That defendant chose drastic means to see his wife and that he had in the past been placed in a mental institution is not sufficient to compel the conclusion that there existed a bona fide doubt as to fitness. (*People v. Fontaine*, 28 Ill. App. 3d 450, 328 N.E.2d 685; *People v. Jackson*, 11 Ill. App. 3d 933, 297 N.E.2d 195.) The nature and diagnosis of any condition that may have led to the prior hospitalization was not disclosed nor was there any indication that any such condition still existed at the time of trial. Moreover, the statements of trial counsel that defendant could not cooperate did not, of itself, create a bona fide doubt of fitness. (*People v. Slaughter*, 46 Ill. 2d 114, 262 N.E.2d 904.) The trial judge was in a superior position to observe defendant's behavior and to weigh the evidence. The record itself shows that defendant demonstrated an ability to recollect and narrate events in considerable detail, to communicate, reason and make judgments. He understood the seriousness of the charge and the nature and purpose of the proceedings. We conclude that on the basis of the record it cannot be said that the trial court abused its discretion in refusing defendant a fitness hearing.

Defendant's next contention is that the trial court committed error in admitting into evidence references to other offenses committed by defendant. As stated earlier, a video taped confession by defendant and a transcription thereof was admitted into evidence. It is undisputed on appeal that the confession was voluntarily made. In the entire video tape, defendant admitted his involvement in over 100 unrelated offenses. In a motion in limine, prior to trial, defendant sought to prohibit the use of those portions of the video tape containing references to offenses other than the one for which defendant was about to be tried but the trial court denied the motion. Subsequently, at trial, defense counsel announced during a conference that a stipulation had been negotiated with the State that only certain portions of the video tape and the corresponding portions of the transcript would be admitted into evidence. The portions of the video tape thus viewed by the jury pursuant to the stipulation consisted of defendant's statements relating to the instant burglary as well as to two other unrelated burglaries. Defendant's comments in regard to all three burglaries were in each case extensive and detailed.

■■ On appeal, in addition to arguing that it was error to have admitted those portions of the video tape containing references to the two other burglaries, defendant contends that it would be unfair to deem him to have waived this issue because of the stipulation since he had raised the issue in the motion in limine. While it is true that the trial court denied the motion in limine nevertheless it was defendant who procured, invited and acquiesced in the admission of the evidence through the stipulation. We

recognize that this was done for tactical reasons in light of the court's earlier ruling, however these reasons do not vitiate the fact that defendant chose to stipulate to the admission of the evidence rather than to maintain his asserted objections. While we consider the nature of the error as serious, measure also should be taken of the State's strong and uncontradicted proper evidence showing defendant's guilt of the offense. Since defendant agreed to the admission of the evidence of which he now complains, we hold him estopped from taking advantage of his own actions at trial in urging this as grounds for reversal on appeal. *People v. Price*, 41 Ill. App. 3d 1059, 355 N.E.2d 732; *People v. Realmo*, 28 Ill. 2d 510, 192 N.E.2d 918.

For the foregoing reasons, we affirm the judgment of the circuit court of Madison County.

Affirmed.

CARTER, P. J., and G. MORAN, J., concur.