THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
EDDIE C. DAVENPORT, Defendant-Appellant.

First District (1st Division)    No. 79-2125

Opinion filed December 29, 1980.

James J. Doherty, Public Defender, of Chicago (Ina S. Marks and Frances
Sowa, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr, Pamela L. Gray,
and Gail McCaughey-O'Brien, Assistant State's Attorneys, of counsel), for the
People.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Pursuant to a pretrial motion by defendant Eddie Davenport in
November 1977, the trial court ordered a fitness hearing and Davenport
was found fit to stand trial. He was reexamined and again found fit to
stand trial in April 1978. Davenport then failed to appear in court because
he was hospitalized for a total of 48 days during October, November and
December of 1978. At trial in September 1979, Davenport's attorney
made a motion for a fitness hearing; the motion was denied. Davenport
was found guilty of rape and sentenced to 8 to 16 years' imprisonment.
Defendant appeals.

We reverse and remand with directions.

On appeal, defendant argues that the trial court erred in failing to
grant a fitness hearing.

Eddie Davenport was indicted for rape, deviate sexual assault and
burglary in January 1974. He was released on bond and then failed to
appear in court as ordered. On October 27, 1977, defendant appeared in
court with his attorney and pleaded not guilty. On that date, the trial
judge ordered a sanity and fitness hearing for defendant. On November

28, 1977, defendant was found to be sane at the time of the offense and fit to stand trial. Defendant was reexamined for fitness on April 20, 1978, and was found to be mentally fit to stand trial. Defendant failed to appear in court on November 30, 1978. He later stated that he had been unable to appear in court because he had committed himself to a hospital on October 24, 1978, and remained there until November 1978. He was recommitted on November 21, 1978, and discharged on December 12, 1978.

Defendant waived a jury trial on August 8, 1979. On September 10, 1979, the defense attorney made a motion for a fitness hearing. In support of that motion, counsel stated that because his client engaged in "incessant one-sided ramblings," he was unable to communicate with him. Counsel also informed the court that defendant previously had been diagnosed as a paranoid and a schizophrenic.

The trial court judge denied the motion, stating that defendant was merely difficult. Further, he stated to defense counsel that "every defendant does not care to discuss his case with his lawyer * * *." Additionally, the trial judge told defendant that it was his right not to discuss the case with his lawyer. Defendant responded, saying, "that's true, nothing to discuss, I don't prove myself guilty, I am already innocent."

The defense attorney requested permission to withdraw as counsel, stating that defendant's lack of communication was leading to ineffective assistance of counsel. The request was denied and the State called its first witness.

When the witness took the stand, the judge informed defendant that he could act as his own co-counsel and question witnesses. During his cross-examination of the witness, defendant called him "sick."

After the completion of the State's case, defendant insisted that the complainant had signed a statement that she was dropping all charges. At that point, defendant refused to proceed until the imagined statement from the complainant was produced.

When the statement from the complainant did not materialize the defense attorney advised defendant that he should not call the three defense witnesses present in court. The judge stated that defendant had the right to call the witnesses. Each of the witnesses, when called to the stand, testified that he or she knew defendant, but could not recall being with him on June 2, 1973, the night when the rape allegedly occurred. Davenport refused to testify on his own behalf, stating that the whole procedure was illegal.

At the close of trial and at the sentencing hearing, the defense attorney made additional motions to have defendant psychiatrically evaluated. The motions were denied. Defendant was found guilty of rape

and was sentenced to 8 to 16 years' imprisonment. Notice of appeal was filed on November 27, 1979.

The sole issue we will address on appeal is whether the trial court erred in refusing to grant defendant's request for a fitness hearing. A defendant is unfit to stand trial if because of a mental or physical condition, he is unable to understand the nature and purpose of the proceedings against him or to assist in his defense. (Ill. Rev. Stat. 1977, ch. 38, par. 1005—2—1(a).) When a bona fide doubt of the defendant's fitness to stand trial is raised, the court shall order that a determination of that question be made before further proceedings. Ill. Rev. Stat. 1977, ch. 38, par. 1005—2—1(c).

The decision of whether to grant a psychiatric examination or competency hearing to determine a defendant's fitness to stand trial is largely within the discretion of the trial judge. (*People v. Jenkins* (1978), 67 Ill. App. 3d 565, 384 N.E.2d 1348; *People v. Morthole* (1977), 51 Ill. App. 3d 919, 366 N.E.2d 606, *overruled in part in People v. Lewis* (1979), 75 Ill. App. 3d 560, 393 N.E.2d 138; *People v. Logan* (1977), 50 Ill. App. 3d 460, 365 N.E.2d 304; *People v. Walton* (1973), 15 Ill. App. 3d 896, 305 N.E.2d 395.) An examination or hearing is required only when a bona fide doubt as to defendant's fitness is raised. (*People v. O'Neal* (1978), 62 Ill. App. 3d 146, 379 N.E.2d 12.) The trial court's order refusing a fitness hearing should be overturned only when the trial court has abused its discretion. *People v. Morthole* (1977), 51 Ill. App. 3d 919, 366 N.E.2d 606; *People v. Logan* (1977), 50 Ill. App. 3d 460, 365 N.E.2d 304.

The statute which defines unfitness to stand trial prescribes certain items which are to be considered in determining whether a defendant is fit to stand trial. (See Ill. Rev. Stat. 1977, ch. 38, par. 1005—2—1(e).) Illinois courts generally have held that no one factor in itself raises a bona fide doubt of defendant's fitness to stand trial. See *People v. Jenkins* (1978), 67 Ill. App. 3d 565, 384 N.E.2d 1348 (counsel's assertion that defendant is unable to cooperate with counsel due to emotional disturbance does not in itself raise bona fide doubt as to defendant's fitness); *People v. Cole* (1978), 61 Ill. App. 3d 1007, 378 N.E.2d 381 (evidence of prior treatment for mental disability is not conclusive proof of unfitness); *People v. Count* (1976), 42 Ill. App. 3d 715, 350 N.E.2d 435 (defendant's demeanor at trial is not dispositive of the issue of fitness); *People v. Hayes* (1975), 32 Ill. App. 3d 953, 337 N.E.2d 280 (defendant's refusal to cooperate with counsel does not raise bona fide doubt as to defendant's fitness).

In the case at bar, several of these factors are present. First, although before trial defendant had twice been found fit to stand trial, he had been institutionalized between the latter finding of fitness and the time the case came to trial. He also had previously been diagnosed as a schizophrenic and a paranoid. Second, defense counsel alerted the trial court judge to

the fact that defendant was unable to communicate with him and often engaged in one-sided ramblings. Third, defendant's demeanor at trial indicates that he was not in touch with reality. He insisted that complainant had dropped all charges and that the whole procedure was illegal. On cross-examination of a prosecution witness, he called the witness "sick." In his defense, he called three witnesses to the stand who could identify him, but who had no idea where they were on the night of the rape.

None of these facts by itself is enough to raise a bona fide doubt as to defendant's fitness to stand trial. When the facts are taken as a whole, however, there is a strong indication that defendant was unable to understand the nature of the proceedings against him or to assist in his defense.

Although we respect the patience and perseverance of the trial judge in dealing with the defendant in this case, we believe that a psychiatric examination or fitness hearing should have been granted.

For the foregoing reasons, we reverse the judgment of the circuit court of Cook County and remand the cause with directions that a fitness hearing be held in this matter.

Judgment reversed; cause remanded.

O'CONNOR and CAMPBELL, JJ., concur.