THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MICHAEL P. JOHNSON, Defendant-Appellant.

First District (3rd Division)   No. 82—506

Opinion filed February 1, 1984.

James J. Doherty, Public Defender, of Chicago (Thomas F. Finegan, Assistant Public Defender, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Marie Quinlivan, and Harry H. Semrow, Jr., Assistant State's Attorneys, of counsel), for the People.

JUSTICE WHITE delivered the opinion of the court:

On December 7, 1979, a jury convicted defendant, Michael P. Johnson, of armed robbery, unlawful use of weapons and unlawful restraint. A sentence was not imposed at that time, however, because it was determined that defendant was unfit for sentencing. On December 12, 1981, a restoration order finding defendant fit to be sentenced was entered. Defendant was thereafter sentenced to a term of 22 years' imprisonment. The only issue on appeal is whether there existed a *bona fide* doubt as to defendant's fitness to stand trial.

A defendant has a right not to be tried or convicted while incompetent to stand trial. (*Drope v. Missouri* (1975), 420 U.S. 162, 43 L. Ed. 2d 103, 95 S. Ct. 896; *Pate v. Robinson* (1966), 383 U.S. 375, 15 L. Ed. 2d 815, 86 S. Ct. 836; *People v. Murphy* (1978), 72 Ill. 2d 421, 381 N.E.2d 677; *People v. Burson* (1957), 11 Ill. 2d 360, 143 N.E.2d 239.) A defendant is unfit to stand trial if, because of his mental or physical condition, he is unable to understand the nature and purpose of the proceedings against him or to assist in his defense. (Ill. Rev. Stat. 1981, ch. 38, par. 104—10.) The issue of a defendant's fitness for trial may be raised before, during, or after trial. (Ill. Rev. Stat. 1981, ch. 38, par. 104—11(a).) Once facts are brought to the attention of the trial court, either from observation of the defendant or by suggestion of counsel, which raise a *bona fide* doubt of a defendant's fitness to stand trial, the court has a duty to hold a fitness hearing. (*People v. Murphy* (1978), 72 Ill. 2d 421, 381 N.E.2d 677; *People v. Burson* (1957), 11 Ill. 2d 360, 143 N.E.2d 239; *People v. Burnside* (1977), 52 Ill. App. 3d 524, 367 N.E.2d 733.) A trial continued after a *bona fide* doubt of defendant's fitness is raised but not resolved is in violation of due process of law. (*Pate v. Robinson* (1966), 383 U.S. 375, 15 L. Ed. 2d 815, 86 S. Ct. 836; *People v. Burnside* (1977), 52 Ill. App. 3d 524, 367 N.E.2d 733.) Whether a *bona fide* doubt has been raised is a decision resting largely within the discretion of the trial court. (*People v. Murphy* (1978), 72 Ill. 2d 421; *People v. Turner* (1980), 88 Ill. App. 3d 793, 410 N.E.2d 1151.) The trial court's order refusing a fitness hearing should be overturned only when the trial court has abused its discretion. *People v. Davenport* (1980), 92 Ill. App. 3d 244, 416 N.E.2d 17.

Certain factors are to be considered in determining a defendant's fitness to stand trial. These factors include: counsel's assertion that defendant is unable to cooperate in his defense, prior treatment for mental disability, and defendant's demeanor at trial. (*People v. Davenport* (1980), 92 Ill. App. 3d 244, 246.) The presence of several of these factors indicates that a defendant is unable to understand the nature

of the proceedings against him or to assist in his defense. *People v. Davenport* (1980), 92 Ill. App. 3d 244, 247.

In the case at bar, counsel alerted the court to the fact that defendant was unable to cooperate with him. Defendant did not speak to counsel from September until the start of trial. Defendant only smiled when counsel tried to explain his rights and other aspects of the case to him. Counsel informed the court that defendant's inability to cooperate was part of his mental illness. Counsel also represented to the court that Dr. Lorimer of the Psychiatric Institute, informed him defendant was unfit for trial—that defendant suffered from episodic dysfunctions during which defendant did not know what was occurring. Moreover, defendant's demeanor prior to trial and at trial indicated that defendant was prey to serious mental problems. Defendant insisted that he was in court because someone had "tried to kill him in a hospital two years ago with his hand." Defendant also believed that one of the deputies was trying to kill him. Twice counsel interrupted the testimony of prosecution witnesses because defendant was upset by the presence of a deputy in the courtroom. Counsel informed the court that defendant believed one of the deputies hit him, that defendant's veins were "popping on the side of his head," and that defendant kept looking at the deputy. On several occasions defendant complained that his head hurt, and defendant was once removed from court while howling, his body jerking convulsively. Four deputies were required to subdue defendant. Defendant also attempted suicide while in the lockup awaiting the start of trial. Several deputies observed defendant stabbing his arm with a broken razor blade.

An additional factor persuading us to believe that there existed a *bona fide* doubt as to defendant's fitness to stand trial is that defendant was found unfit for sentencing. We are aware that a defendant could be fit to stand trial and yet later be unfit for sentencing. (*People v. Martinez* (1979), 78 Ill. App. 3d 590, 396 N.E.2d 1359.) But there exists a risk that a defendant found unfit for sentencing may also have been unfit during trial. (See *People v. Turner* (1980), 88 Ill. App. 3d 793, 410 N.E.2d 1151.) In the instant case, the finding that defendant was unfit for sentencing together with factors such as defendant's demeanor at trial, and defense counsel's representations to the court, lead us to conclude that there existed a *bona fide* doubt as to defendant's fitness to stand trial.

Since a *bona fide* doubt existed as to defendant's fitness to stand trial, the trial court was statutorily required to conduct a fitness hearing. (Ill. Rev. Stat. 1981, ch. 38, par. 104—11(a).) Such a hearing was

not conducted. In view of the difficulties inherent in conducting a fitness hearing several years after a trial (*Drope v. Missouri* (1975), 420 U.S. 162, 43 L. Ed. 2d 103, 95 S. Ct. 896; *People v. McLain* (1967), 37 Ill. 2d 173, 226 N.E.2d 21), we remand this case for a new trial. *People v. Thomas* (1969), 43 Ill. 2d 328, 253 N.E.2d 431; *People v. McLain* (1967), 37 Ill. 2d 173; *People v. Turner* (1980), 88 Ill. App. 3d 793.

Reversed and remanded.

McNAMARA and McGILLICUDDY, JJ., concur.