THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WAYNE IVORY, Defendant-Appellant.

First District (1st Division)   No. 84—243

Opinion filed December 23, 1985.

Steven Clark and Kenneth L. Jones, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Joan S. Cherry, Peter D. Fischer, and Mary Patricia Devereux, Assistant State's Attorneys, of counsel), for the People.

JUSTICE QUINLAN delivered the opinion of the court:

After a jury trial, defendant, Wayne Ivory, was convicted of rape, attempted deviate sexual assault, aggravated kidnaping based on rape, and aggravated kidnaping based on attempted deviate sexual assault. Defendant was sentenced to seven years for rape, and four years for each of the other convictions. The sentences were to be served concurrently. On appeal defendant argues: (1) the trial court erred in not ordering *sua sponte* a hearing to determine defendant's mental fitness to stand trial; (2) the psychiatric reports submitted to the trial court concerning defendant's fitness to stand trial were insufficient; and (3) the trial court erred in limiting the cross-examina-

tion of the complaining witness.

Before trial, the court was informed that defendant had been hospitalized three times in Michigan for treatment of mental problems. The court ordered a behavioral report concerning defendant's competency to stand trial and his sanity. Defendant was examined by Dr. Albert Stipes, a staff psychiatrist from the Psychiatric Institute of the circuit court of Cook County, who issued a letter to the trial court stating that: defendant was mentally fit to stand trial; understood the nature of the charges against him; understood the purpose of the proceedings; and could cooperate with his attorney in his defense.

While defense counsel did not object to Dr. Stipes' report, he subsequently moved for a supplemental examination of defendant because Dr. Stipes had not received a copy of defendant's records from Michigan at the time of the first examination, and because of counsel's trouble communicating with defendant. The motion was granted and defendant was examined by another psychiatrist appointed by the court, Dr. Reifman. Dr. Reifman concurred with the conclusions of Dr. Stipes that defendant was mentally fit to stand trial. Thereupon, defendant moved to have a third examination by an independent psychiatrist. The trial court granted defendant's motion, but no report by a third doctor is presented in the record before us.

After trial, the trial court ordered another report prior to sentencing. The examining psychiatrist concluded that defendant was fit for sentencing because he appeared to be in contact with reality and was "in remission of his schizophrenia."

Initially, defendant argues that an examination of the trial record establishes a *bona fide* question as to defendant's competency to stand trial, and that the trial court erred in not ordering an adversarial hearing to determine defendant's fitness *sua sponte*. In support of his contention, defendant cites "repeated" instances in which defendant interrupted the trial proceedings. Those interruptions include his interjections during a hearing on a motion *in limine* to exclude testimony of the complainant; his "objections" to various testimony at trial; and his interruptions of the closing argument of the prosecutor, after which defendant was taken from the courtroom. Defendant also cites his own testimony, voluntarily given, in which he refused to answer several questions citing his constitutional right against self incrimination, and his statement in his testimony that he had filed a lawsuit against the police for invasion of privacy which would "be in the neighborhood of 40 billion dollars" as raising a *bona fide* question regarding his competency.

A defendant is presumed to be mentally fit to stand trial (Ill.

Rev. Stat. 1981, ch. 38, par. 104–10), and a court is required to order an adversarial hearing to determine a defendant's fitness to stand trial only if it is apprised of facts which raise a *bona fide* question of defendant's fitness (*People v. Davenport* (1980), 92 Ill. App. 3d 244, 416 N.E.2d 17). The determination of whether a *bona fide* question of defendant's fitness to stand trial exists rests largely within the discretion of the trial court (*People v. McNeal* (1981), 94 Ill. App. 3d 1000, 419 N.E.2d 460), and its decision will be overturned on appeal only if there is an abuse of its discretion. *People v. Davenport* (1980), 92 Ill. App. 3d 244, 416 N.E.2d 17.

In *People v. Leiker* (1983), 115 Ill. App. 3d 752, 450 N.E.2d 37, the court held that the trial court was not required to order an adversarial fitness hearing even though the court previously ordered a preliminary psychiatric examination of defendant. The court reasoned that the trial court had ordered the examination to determine whether a *bona fide* question existed and not because the judge already had a question of defendant's fitness. In *People v. Eddmonds* (1984), 101 Ill. 2d 44, 461 N.E.2d 347, the court held that the trial judge was not required to order a fitness hearing where the most recent psychiatric reports indicated that defendant was fit for trial, and the only evidence that defendant was not fit arose from an earlier report by one doctor which was two years old, and another report from a doctor who had since changed his mind.

In the case at bar, we conclude that there was not a *bona fide* question of defendant's fitness to stand trial which would invoke the requirement for an adversarial hearing. Here all the medical reports indicated that defendant was fit. In this respect this case is stronger than *Eddmonds* where there was some psychiatric evidence, though apparently outdated, that the defendant there was not fit to stand trial. Although the conduct of the instant defendant did not conform to normal courtroom etiquette, considering that the trial judge was presented with unanimous professional opinion that defendant was fit, and considering that the trial judge was in a position to observe the defendant throughout the proceedings, we hold that the trial court did not abuse its discretion in not ordering *sua sponte* a fitness hearing. See *People v. Bivins* (1981), 97 Ill. App. 3d 386, 389, 422 N.E.2d 1044.

■ The Criminal Code of 1961 provides that a report on defendant's fitness for trial shall include a diagnosis and explanation of that diagnosis, a description of any disability that the defendant may have and an opinion as to whether it would impair the defendant's ability to appreciate the nature of the proceedings against him and his ability

to assist in his defense. (Ill. Rev. Stat. 1981, ch. 38, par. 104—15.) In the case at bar, it is clear that the reports issued to the trial court do not meet the specific statutory requirements. Citing *People v. Harris* (1983), 113 Ill. App. 3d 663, 447 N.E.2d 941, defendant argues that because the reports do not conform to the statute, the case must be remanded for a new fitness examination.

In *Harris*, the trial court was informed that the defendant was not available for a sentencing hearing because he "had eaten some metal and glass and other things *** and attempted suicide both before and after his trial." (113 Ill. App. 3d 663, 666, 447 N.E.2d 941.) The trial court ordered a psychiatric examination to determine defendant's fitness for sentencing. The report was conclusory in nature and did not conform to the requirements of the statute. The appellate court held that the record before it establishes a *bona fide* question as to the defendant's fitness to stand trial and remanded the case for retrial because the trial court did not order a fitness hearing and because the trial judge died between the trial and the appeal. Inasmuch as the case was to be retried, the appellate court considered the sufficiency of the psychiatric report. In that context, the appellate court noted that the psychiatric report did not offer a basis upon which the trial court could test the validity of the conclusion reached by the doctor.

On the other hand, in *People v. Wilson* (1984), 124 Ill. App. 3d 831, 464 N.E.2d 1158, the court held that the insufficiency of reports concerning a defendant's fitness to stand trial would only require reversal if the defendant could show prejudice. The *Wilson* court distinguished *Harris*, as do we, by noting that the *Harris* court found the insufficiency of the reports critical only after the court had found that a *bona fide* question of defendant's fitness was established. Furthermore, the *Wilson* court noted:

> "While it is true that the challenged reports in the instant case, like those found to be insufficient in *Harris*, were conclusory, it is our view that the circumstances warranting reversal in *Harris* are absent here. First, unlike *Harris*, the question of defendant's fitness was raised prior to trial and the court was fully apprised of his psychiatric history. Second, there is nothing in the record before us to support defendant's assertion that the trial court relied solely on the two psychiatric examinations; indeed, as stated above, the court had ample opportunity to observe defendant and to independently evaluate his conduct both before and during this suppression hearing. In view thereof, we believe that the conclusory aspects of the reports

were of minimal significance in the court's apparent finding that a fitness hearing was unnecessary. Finally, and most important, no facts were presented contradicting the conclusions therein. (See *People v. Green* (1983), 116 Ill. App. 3d 815, 452 N.E.2d 767.) Thus, while the reports may have been statutorily deficient, defendant has failed to demonstrate that he suffered any prejudice therefrom. 124 Ill. App. 3d 831, 839, 464 N.E.2d 1158.

We conclude that *Wilson* is more apposite to the case at bar than is *Harris*. As in *Wilson*, the trial court here was informed of defendant's possible mental problems from the start of the proceedings, the judge had an opportunity to observe the behavior and demeanor of the defendant, and there were no facts adduced which specifically contradicted the conclusions presented in the psychiatrists' reports. Furthermore, because defendant never disputed the reports nor the conclusion that he was fit to stand trial, the requirement that the bases for the doctors' conclusions be specified becomes less critical. Defendant was not put in a position of cross-examining the doctors without knowing the bases of their conclusions. Thus, we concur with the holding in *Wilson* that although the psychiatric reports may have been statutorily insufficient, "defendant has failed to demonstrate that he suffered any prejudice therefrom." (124 Ill. App. 3d 831, 839, 464 N.E.2d 1158.) Therefore, we hold that any insufficiency in the reports in the case at bar does not require reversal.

■ Next, defendant argues he was denied his constitutional right of confrontation through the improper limitation of his cross-examination of the complainant. Specifically, defendant complains of an order *in limine* in which the trial court excluded questions directed to the complainant regarding a previous misdemeanor prostitution conviction, her alleged profession as a prostitute, and a pending petition to revoke her parole.

Regarding the exclusion of the complainant's previous conviction for prostitution and her alleged continued profession as a prostitute, we conclude that the trial court correctly held that such evidence was inadmissible. The Illinois rape shield statute (Ill. Rev. Stat. 1981, ch. 38, par. 115—7) precludes the admission of evidence of the victim's sexual activity with anybody except the defendant. Additionally, we have previously held that the provisions of the rape shield law mandates the exclusion of evidence of the victim's alleged profession as a prostitute. *People v. Newman* (1984), 123 Ill. App. 3d 43, 462 N.E.2d 731; *People v. Hughes* (1984), 121 Ill. App. 3d 992, 460 N.E.2d 485; *People v. Buford* (1982), 110 Ill. App. 3d 46, 441 N.E.2d 1235.

Nevertheless, defendant argues that even if the rape shield law acts to preclude evidence of the complainant's activities as a prostitute in defendant's rape and attempted deviate sexual assault prosecutions, he should have been allowed to submit the evidence because he was concurrently prosecuted for aggravated kidnaping. We believe this interpretation would effectively emasculate the rape shield law, because sexual offenses are often, if not usually, prosecuted concurrently with nonsexual offenses. Furthermore, on various occasions this court has approved the application of the rape shield law even though nonsexual offenses were prosecuted simultaneously with sexual offenses. (See *People v. Ellison* (1984), 123 Ill. App. 3d 615, 463 N.E.2d 175 (home invasion); *People v. Newman* (1984), 123 Ill. App 3d 43, 462 N.E.2d 731 (aggravated kidnaping and battery); *People v. Buford* (1982), 110 Ill. App. 3d 46, 441 N.E.2d 1235 (armed violence); *People v. Requena* (1982), 105 Ill. App. 3d 831, 435 N.E.2d 125 (aggravated kidnaping); *People v. Cornes* (1980), 80 Ill. App. 3d 166, 399 N.E.2d 1346.) Finally, in *People v. Montgomery* (1971), 47 Ill. 2d 510, 268 N.E.2d 695, the supreme court held that a previous prostitution conviction was an improper basis for impeaching a witness' credibility because the crime is not a felony and does not connote dishonesty.

Despite the order *in limine* on direct examination, the complainant testified that she was on parole for robbery and that there was currently pending a petition to revoke her parole for failing to report and child abandonment. On cross-examination, she further testified that she was not promised anything regarding the parole revocation in return for her testimony in the instant trial.

■ Defendant is correct that he is entitled to question a witness regarding pending charges against her because such evidence may be relevant to the witness' bias against the defendant and in favor of the prosecution. (See *People v. Wilkerson* (1981), 87 Ill. 2d 151, 429 N.E.2d 526.) However, in the case at bar, the jury was informed of the complainant's previous robbery conviction, the petition to revoke her parole, and even the bases upon which the petition was founded. Furthermore, defense counsel specifically asked complainant whether she was promised any favorable treatment in her parole hearing because of her testimony at trial. Under these circumstances, the jury was adequately informed of the nature of the legal proceedings against complainant and of her potential bias because of those proceedings. Therefore, we conclude that defendant had an adequate opportunity to cross-examine the complainant and was not prejudiced through any limitation of the cross-examination. See *People v. Steel* (1972), 52 Ill. 2d 442, 288 N.E.2d 355.

■ Finally, defendant argues, and the State concedes, that one of defendant's convictions for aggravated kidnaping must be vacated because he kidnaped only a single person. (See *People v. King* (1977), 66 Ill. 2d 551, 363 N.E.2d 838.) The State asks us to vacate defendant's conviction for aggravated kidnaping based on attempted deviate sexual assault asserting it is a "less serious" offense than aggravated kidnaping based on rape. The State relies on *People v. Donaldson* (1982), 91 Ill. 2d 164, 435 N.E.2d 477, which holds that where two convictions are based on a single act of the defendant, the lesser offense should be vacated. We therefore vacate defendant's conviction for aggravated kidnaping based on attempted deviate sexual assault and affirm defendant's conviction of aggravated kidnaping based on rape.

■ We note that defendant has not requested that we remand the case for resentencing. Furthermore, it appears from the record that the trial court sentenced defendant on the convictions independently, and that the invalid conviction did not influence its sentencing on the other convictions. Therefore, we conclude that a remand for resentencing is not required. See *People v. Donaldson* (1982), 91 Ill. 2d 164, 435 N.E.2d 477; *People v. Einstein* (1982), 106 Ill. App. 3d 526, 435 N.E.2d 1257.

Accordingly we affirm defendant's convictions for rape, attempted deviate sexual assault, aggravated kidnaping based on rape, and the sentences imposed thereon. We vacate defendant's conviction of aggravated kidnaping based on attempted deviate sexual assault and the sentence imposed thereon.

Affirmed in part and vacated in part.

BUCKLEY, P.J., and CAMPBELL, J., concur.