*In re* E.V., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. E.V., a Minor, Respondent-Appellant).

First District (2nd Division)   No. 1—87—3463

Opinion filed November 7, 1989.

Randolph N. Stone, Public Defender, of Chicago (Thomas M. Donnelly and Karen E. Tietz, Assistant Public Defenders, of counsel), for appellant.

Cecil A. Partee, State's Attorney, of Chicago (Inge Fryklund, Jane E. Loeb, and David P. Gaughan, Assistant State's Attorneys, of counsel), for the People.

JUSTICE SCARIANO delivered the opinion of the court:

Following an adjudicatory hearing in the circuit court of Cook County, respondent was found delinquent on the charge of criminal trespass to a vehicle, and he was committed to the Department of Corrections. Prior to this hearing, respondent's counsel requested the court to order a hearing and clinical examination to determine respondent's fitness to stand trial which the trial court denied. Respondent now appeals, contending that his due process rights were violated when the trial court forced him to stand trial despite his brain damage and loss of memory.

The public defender was appointed as counsel and guardian *ad litem* on behalf of respondent on January 9, 1987. An adjudicatory hearing was scheduled for June 16, 1987, but respondent's probation officer, Luis Rivera, appeared on that day and informed the court that respondent was hospitalized at Northwestern Memorial Hospital. Rivera stated that respondent had been pushed from a third-story window and was initially in a coma. After respondent regained consciousness, physicians determined that he had suffered brain damage to the right side of his brain. Respondent then received physical therapy in order to regain the ability to walk.

On August 5, 1987, respondent's counsel requested that the trial court conduct a hearing to determine respondent's fitness to stand trial, but the court informed counsel that it required a factual basis before granting her request. One month later respondent's counsel again appeared and informed the court that she had interviewed respondent and did not believe that he was competent to assist in his own defense. The trial judge replied that counsel's statement alone was insufficient to raise a *bona fide* doubt of respondent's competency, and where there were no medical reports or expert testimony, and the only other evidence presented was respondent's testimony in his behalf, the evidence would be insufficient to raise any *bona fide*

doubt of incompetency or to order a clinical evaluation.

At the adjudicatory hearing, Cesar Rivadelo testified that he owned a car which was stolen from a parking lot at Illinois Masonic Medical Center about January 3, 1987. The car was found by the police six days later and had sustained front-end damage and a broken steering column.

Officer William Sacco testified that about 12:25 a.m. on January 8, 1987, he and his partner pursued Rivadelo's stolen car until it crashed into the back of a truck. Respondent and two others exited the stolen vehicle and fled in different directions, but respondent was captured by police.

Respondent testified in his own behalf and claimed that he did not remember anything concerning the stolen vehicle, and that he had no memory from January 1987 until after his fall from the third-story window in May 1987.

The probation officer testified that respondent appeared to be quicker and more lucid before the accident than he appeared to be in court.

The trial court adjudicated respondent delinquent for criminal trespass to a vehicle and committed him to the custody of the Illinois Department of Corrections.

■ On appeal, respondent claims that the trial court violated his right to due process by forcing him to stand trial despite brain damage which he claims destroyed his memory of the incident and resulted in his commitment. Fitness to stand trial consists of the ability to understand the nature and purpose of the proceedings and the ability to assist in one's defense. (*People v. Murphy* (1978), 72 Ill. 2d 421, 381 N.E.2d 677.) Where an issue of an accused's fitness to stand trial is raised, the critical inquiry is whether the facts present a *bona fide* doubt that the accused has these capabilities. (*People v. Schwartz* (1985), 135 Ill. App. 3d 629, 482 N.E.2d 104; *People v. Banks* (1981), 94 Ill. App. 3d 122, 418 N.E.2d 510.) Whether a *bona fide* doubt has been raised as to the accused's fitness to stand trial is a decision resting largely within the discretion of the trial court. (*People v. Murphy* (1978), 72 Ill. 2d 421, 381 N.E.2d 677; *People v. Banks* (1981), 94 Ill. App. 3d 122, 418 N.E.2d 510.) Among the factors to be considered in determining an accused's fitness for trial are defense counsel's assertion that the accused is unable to cooperate in his own defense, prior treatment of a mental disability and the accused's demeanor at trial. (*People v. Branson* (1984), 131 Ill. App. 3d 280, 475 N.E.2d 905; *People v. Johnson* (1984), 121 Ill. App. 3d 859, 460 N.E.2d 336.) The presence of more than one of these factors in-

dicates that an accused is unfit to stand trial. *People v. Johnson* (1984), 121 Ill. App. 3d 859, 460 N.E.2d 336.

■ In the instant case, respondent's probation officer informed the court that respondent had fallen from a third-story window and had incurred brain damage. The court was also informed that respondent was undergoing physical therapy to regain the ability to walk. Several months later respondent's counsel requested a clinical examination and a hearing to determine his fitness to stand trial. She also stated that she had a *bona fide* doubt of respondent's ability to assist in his own defense based on her communication with him. At the adjudicatory hearing respondent testified that he did not remember anything concerning the stolen vehicle and had no memory of anything between January and May 1987 when he fell.

Juxtaposing the above guidelines to the record in this case, we find that there was testimony that respondent had sustained brain damage as a result of his fall from a third-story window, and that he had suffered some impairment to his ability to walk, for which he was undergoing rehabilitation. Defense counsel also testified that she had a *bona fide* doubt as to respondent's ability to assist in his own defense. Furthermore, although the trial judge had an opportunity to observe respondent's demeanor, his unfitness stemmed from his inability to recall anything that had occurred from the time the car was stolen until he fell from a third-story window, as opposed to some form of mental deficit which might have been more discernible.

The court in *People v. Schwartz* found that the inability of a defendant to recollect events on the day of the offense due to amnesia did not render him unfit to stand trial because the focus of the statute regarding a defendant's unfitness was concerned with his present condition and the court determined that he was fit at the time of trial. In *People v. Schwartz,* however, the court made its determination following a fitness hearing where substantial psychiatric evidence and testimony were presented regarding defendant's condition at the time of the hearing. In the instant case, the trial court determined that respondent was fit without the benefit of any medical testimony or clinical evaluation.

An accused has a due process right not to be tried or convicted while incompetent to stand trial. (*People v. Murphy* (1978), 72 Ill. 2d 421, 381 N.E.2d 677.) Where there is substantial evidence that respondent in the instant case suffered brain damage, and there is lacking any clinical evidence to indicate his competence to stand trial, we conclude that a clinical examination and a fitness hearing are needed to insure that his right to due process was not violated.

Accordingly, we reverse the judgment of the circuit court, and we remand the cause for further proceedings consistent with this opinion.

Reversed and remanded.

BILANDIC, P.J., and HARTMAN, J., concur.