THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JAMES TEAGUE, Defendant-Appellant.

Third District   No. 79-79

Opinion filed May 7, 1980.

Robert Agostinelli and G. Joseph Weller, both of State Appellate Defender's Office, of Ottawa, for appellant.

L. Patrick Power, State's Attorney, of Kankakee (John X. Breslin and Terry A. Mertel, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE BARRY delivered the opinion of the court:

In this case, the defendant, James Teague, appeals from an order of the Circuit Court of Kankakee County dismissing, without an evidentiary hearing, his amended petition for post conviction relief. For the reasons stated hereafter, we reverse and remand for a new trial.

From the record it appears that two weeks prior to the defendant's

indictment for the offenses of aggravated kidnapping, rape, and deviate sexual assault, the defendant's then attorney, William Eaken, moved for a hearing on the subject of the defendant's fitness to stand trial pursuant to section 5—2—1 of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—2—1). At the hearing on defendant's motion, attorney Eaken testified in support of defendant's motion as follows:

"My name is William Eaken. I am an attorney licensed to practice in the State of Illinois, and I am an Assistant Public Defender in Kankakee County and have been assigned to defend James A. Teague, the defendant in this case. I have consulted with Mr. Teague in the Kankakee County Jail where he is being held. I have also consulted with his wife by telephone and I have consulted with his two sisters, Mattie and Peggy Teague, and I have discussed the case briefly with the Investigating Officer, Mr. Dobberphul, of the Kankakee County Sheriff's Department and also with the State's—Assistant State's Attorney assigned to prosecute the case, Daniel Gould. Based upon these consultations, I have serious doubts as to the ability of Mr. Teague to competently participate in his defense in this action. I base that upon what appears to be a pattern of conduct involving abductions, robbery and sexual conduct as disclosed by his previous record of convictions and also a case which is pending in Cook County at this time, and also based on the State's allegations in this case. And also upon consultation with the defendant, which I do not feel under the attorney client privilege I can disclose, except to say that these consultations with the defendant have led me to feel that he is incompetent to—or not competent to participate in his own defense in this case."

The associate circuit judge hearing the motion then asked Eaken specifically if he felt that Teague could not practically assist in his own defense (to which Eaken replied that he could not), and if Teague understood the nature and purpose of the proceedings against him. In response to the latter question, Eaken replied "I am not certain that he does that." Subsequently, the court found "that the question of defendant's fitness has been raised, and that further proceedings should be suspended until he is examined and defendant demands a jury trial to determine the issue." Several days later, however, the court found that it did not have jurisdiction to entertain the defendant's motion, and consequently vacated its order granting defendant's motion for a fitness hearing.

On February 23, 1973, the grand jury of Kankakee County returned a four-count indictment against Teague. Prior to trial, Teague pleaded guilty to the aggravated kidnapping and rape counts. The other two

counts, both charging deviate sexual assault, were *nolle prossed*. On May 11, 1973, the defendant was sentenced to serve concurrent terms of 5 to 15 years in the penitentiary on each of the two counts to which he pleaded guilty.

On February 14, 1977, the defendant sent a letter to this court requesting that assistant appellate defender Mark Burkhalter be appointed his counsel. On March 7, 1977, the office of the State Appellate Defender was appointed to perfect the defendant's appeal. Subsequently, assistant appellate defender Burkhalter filed a motion for leave to file late notice of appeal. In his motion, Burkhalter stated that after reviewing the record he was of the opinion that there were no meritorious grounds for an appeal. This court denied the defendant's motion and dismissed the appeal without opinion on July 18, 1977.

On August 8, 1977, the defendant, through his attorney, Mark Burkhalter, filed an amended petition for post-conviction relief in the Circuit Court of Kankakee County. In his petition, the defendant asserted that his guilty pleas tendered on May 11, 1973, were involuntary due to his unfitness to stand trial, and that he was denied the effective assistance of counsel as a result of his previously appointed counsel's failure "to pursue the question of defendant-petitioner's fitness to stand trial before a judge empowered to enter the orders necessary to a resolution of that question * * *." The petition was accompanied by defendant's affidavit. In response, the State filed an answer and motion to dismiss. On May 9, 1978, the Circuit Court of Kankakee County granted the State's motion and dismissed the defendant's post-conviction petition without a hearing.

■■ The defendant raises two issues on appeal from the dismissal of his post-conviction petition. The first is whether this case should be remanded to the circuit court for a new trial on the grounds that reversible error was committed when an associate circuit judge vacated his previous order of a fitness hearing for the defendant under the mistaken belief that he lacked jurisdiction to do so. Although the associate judge did not state for the record on what grounds he lacked jurisdiction to order a fitness hearing, both the defendant and the State assume it was Supreme Court Rule 295 (Ill. Rev. Stat. 1971, ch. 110A, par. 295). Rule 295 empowers an associate judge to hear and determine any matter "except the trial of criminal cases in which the defendant is charged with an offense punishable by imprisonment for more than one year." Because the order granting defendant's motion for a fitness hearing obviously did not constitute a felony trial, the entry of such order was not barred by the provisions of Rule 295. (Compare *People v. Hargraves* (1975), 28 Ill. App. 3d 560, 328 N.E.2d 639.) The associate judge's vacation of his previous order granting a fitness hearing for the defendant was, therefore, clearly erroneous.

The State takes the position that although the associate judge's action was error, it was not an error of constitutional magnitude. It was, rather, nothing more than an erroneous interpretation of a rule promulgated by the Illinois Supreme Court. As a consequence, it is not a proper subject for post-conviction relief, which is to be given only for a substantial denial of a constitutional right (Ill. Rev. Stat. 1977, ch. 38, 122—1). We disagree. The right of a criminal defendant to a hearing on the subject of his fitness to stand trial when there is a bona fide doubt of his fitness, although required by statute (Ill. Rev. Stat. 1977, ch. 38, par. 1005—2—1), has constitutional underpinnings (*Pate v. Robinson* (1966), 383 U.S. 375, 15 L. Ed. 2d 815, 86 S. Ct. 836, (denial of fitness hearing by Illinois court found unconstitutional)). "It is established that the conviction of a person who is unfit to stand trial violates due process. [Citations.] And the failure to observe procedures adequate to protect a defendant's right not to be tried while unfit deprives him of his due process right to a fair trial." *People v. Murphy* (1978), 72 Ill. 2d 421, 430, 381 N.E.2d 677, 682.

In the case at bar, bona fide doubt existed in the mind of the trial court that defendant Teague was competent to stand trial. Although the State takes the position that a bona fide doubt of the defendant's fitness to stand trial cannot be raised by a mere assertion by defense counsel that he believes the defendant to be unfit (see *People v. Foster* (1979), 76 Ill. 2d 365, 392 N.E.2d 6; *People v. Slaughter* (1970), 46 Ill. 2d 114, 262 N.E.2d 904; *People v. Logan* (1977), 50 Ill. App. 3d 460, 365 N.E.2d 304), the defendant's motion constitutes more than a mere assertion, and in any event, it is within the discretion of the trial court to determine whether the facts of a case warrant a competency hearing. (*People v. Skorusa* (1973), 55 Ill. 2d 577, 304 N.E.2d 630; *People v. Ford* (1967), 89 Ill. App. 2d 69, 233 N.E.2d 51, *cert. denied* (1968), 393 U.S. 942, 21 L. Ed. 2d 279, 89 S. Ct. 310.) Once the associate circuit judge concluded that bona fide doubt existed concerning Teague's fitness to stand trial, the defendant became constitutionally entitled to a fitness hearing. (*Pate.*) Accordingly, we hold it was reversible error to vacate the order granting the defendant's motion for a fitness hearing.

The State contends that as a result of the denial of the defendant's motion for leave to file late notice of appeal (which contained a statement by defendant's counsel that no meritorious claim existed), Teague is collaterally estopped from asserting as error the associate circuit judge's vacation of his previous fitness hearing order. However, even if there had been a meritorious defense, the motion for leave to file late notice of appeal would have been denied as it was not timely filed. Supreme Court Rule 606 does not allow for late notice of appeal to be filed beyond six months after the expiration of the original time for filing notice of appeal. (Ill. Rev. Stat. 1977, ch. 110A, par. 606.) In the instant case, the leave to file

late notice of appeal was filed several years after Teague's conviction. Although this court's order denying the leave to file late notice of appeal does not state the reason for so doing, it is clear that it was denied because it was untimely. (See *People v. Butler* (1968), 40 Ill. 2d 386, 240 N.E.2d 592.) The defendant's statement found in his motion to the effect there were no meritorious grounds for appeal was not considered, and therefore collateral estoppel does not apply. Additionally, the dismissal of the defendant's motion has the same effect as the filing of no appeal at all, as there were no claims considered by the court. It has been held that res judicata does not bar a petitioner from seeking post-conviction relief for alleged constitutional errors when there is a failure to appeal, for whatever reason. (*People v. Rose* (1969), 43 Ill. 2d 273, 253 N.E.2d 456). By analogy, there should be no bar to seeking post-conviction relief when an appeal is dismissed for a procedural defect, such as untimeliness.

■ Although the defendant's petition for post-conviction relief does not specifically contain allegations of a constitutional violation in the form of failure to grant a fitness hearing when bona fide doubt concerning the defendant's competency existed and was recognized by the trial court, the error is of such constitutional dimension that we take notice of it even though not again brought to the attention of the circuit court (Ill. Rev. Stat. 1977, ch. 110A, par. 615(a)) as part of the defendant's post-conviction motion.

Given the fact that appeal is taken from the dismissal of the defendant's post-conviction petition, without an evidentiary hearing, normally we would reverse and remand for an evidentiary hearing on the defendant's post-conviction petition (which is the alternative relief requested by the defendant). However, because at this late date it is not feasible to conduct a retrospective fitness hearing for the defendant, the result of the evidentiary hearing would obviously be a new trial. (*Pate.*) We see no need, therefore to remand this case for an evidentiary hearing on the petition for post-conviction relief when the inevitable result of such a hearing can simply be ordered by this court.

For the foregoing reasons, the order of the Circuit Court of Kankakee County is reversed, defendant's petition is granted, and the cause is remanded for a new trial.

Reversed and remanded.

ALLOY, P. J., and SCOTT, J., concur.