THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DAVID ZEIGER, Defendant-Appellant.

Third District    No. 80-504

Opinion filed September 29, 1981.

516

Robert Agostinelli and Peter A. Carusona, both of State Appellate Defender's Office, of Ottawa, for appellant.

Bruce W. Black, State's Attorney, of Pekin (John X. Breslin and Terry A. Mertel, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE BARRY delivered the opinion of the court:

Following a jury trial, defendant David Zeiger was found guilty and convicted on five counts of an indictment—two counts of deviate sexual assault, one count of attempt deviate sexual assault, and two counts of indecent liberties with a child. All five counts involved defendant's conduct with a 15-year-old girl during the early morning hours of May 18, 1980. The trial court sentenced defendant to two concurrent terms of 20 years' imprisonment, one for each deviate sexual assault conviction, and to a concurrent term of 15 years on the attempt deviate sexual assault conviction. No sentence was entered on either of the indecent liberties convictions.

The sordid events leading to these convictions began on the evening of May 17, when the 36-year-old defendant gave a party for his teen-age stepdaughter at his automobile shop in Pekin, Illinois. Several kegs of beer were available as refreshments. The victim was a friend of defendant's stepdaughter, and at the party she consumed approximately twelve 12-ounce glasses of beer during the course of the evening. Sometime after 1 a.m. she fell asleep in a chair on the front porch and later awoke in a parked car which she subsequently identified as belonging to defendant. According to her testimony at trial, defendant was fondling her breasts when she awoke, and she was frightened and totally disoriented as to time and place, having no memory of how she had gotten into the car and no knowledge of where she was.

The victim also testified to explicit sexual activities by defendant after he had partially undressed her. He inserted his finger in her vagina, and then put first his fingers and then his penis in her rectum. After changing positions and while lying on top of her, he licked her vaginal area and tried to force her mouth open with his fingers. The victim refused to open her mouth, and defendant said that if she did not do what he told her to, he would leave her in a ditch. She still refused to open her mouth. She stated that defendant then continued to put his fingers in her vagina and in her rectum for a while before he finally stopped touching her. At no time was sexual intercourse attempted. The victim testified that she had pretended to be sleeping during the incident because her parents had told her never to fight in such a situation to avoid being hurt. She said that when she first awoke she was "scared and upset" and that she was afraid of defendant because she had seen him "make passes" at other girls.

Several other witnesses were called by the State who corroborated parts of the victim's story, and defendant called two witnesses who stated that defendant was with someone else at some other location at the time the complaining witness said she was with him. The jury returned a verdict of guilty on all counts, and after sentencing, defendant appealed.

Defendant contends that it was improper to convict him of more than one offense since all of his convictions were based upon acts occurring within a few minutes of each other, acts involving the same victim, and acts taking place at the same location. He relies upon *People v. Cox* (1972), 53 Ill. 2d 101, 291 N.E.2d 1, where the supreme court held that two separate sexual acts occurring almost simultaneously with the same victim were to be treated as involving a single transaction and could not constitute more than one offense of indecent liberties with a child, in the absence of a statutory provision to the contrary. In the case at bar, defendant performed two different deviate sexual acts (one with his mouth at her vagina and another with his penis in her rectum) and attempted a third deviate sexual act (his penis in her mouth) almost simultaneously.

In *People v. Schultz* (1979), 73 Ill. App. 3d 379, 392 N.E.2d 322, a kidnapping case which involved multiple sexual crimes, this court examined in considerable detail the leading Illinois decisions involving multiple convictions and finally concluded that two separate convictions for indecent liberties with a child could stand where there were two separate acts and no showing that the acts were simultaneous. In reaching that result, we gave special attention to reconciling *Cox* with the decisions which came after *Cox*. However, we now believe the rationale of *Cox* is no longer controlling as to multiple convictions and concurrent sentences.

■■■ In *People v. King* (1977), 66 Ill. 2d 551, 363 N.E.2d 838, the Illinois Supreme Court broadened the circumstances under which multiple convictions can occur:

"Prejudice results to the defendant only in those instances where more than one offense is carved from the same physical act. Prejudice, with regard to multiple acts, exists only when the defendant is convicted of more than one offense, some of which are, by definition, lesser included offenses. Multiple convictions and concurrent sentences should be permitted in all other cases where a defendant has committed several acts, despite the interrelationship of those acts. 'Act', when used in this sense, is intended to mean any overt or outward manifestation which will support a different offense. We hold, therefore, that when more than one offense arises from a series of incidental or closely related acts and the offenses are not, by definition, lesser included offenses, convictions with concurrent sentences can be entered." (66 Ill. 2d 551, 566, 363 N.E.2d 838, 844-45.)

The supreme court has even more recently in *People v. Myers* (1981), 85 Ill. 2d 281, 422 N.E.2d 620, ruled that under the doctrine of *King*, two separate convictions and concurrent sentences could be entered for attempted murder and for armed violence even though both offenses were based upon the cutting of the victim's neck in the course of one assault. The evidence indicated that the defendant moved the knife to the victim's neck in two separate movements, and the supreme court said:

"Two separate invasions of [the victim's] body, even though closely related by reason of the fact that they attacked the same area of his body and were close in time, were not one physical act." (85 Ill. 2d 281, 289, 422 N.E.2d 620, 622.)

Analysis of facts in the instant case in light of the rulings in *Myers* and *King* lead to the conclusion that there can be as many separate convictions with concurrent sentences as there are separate deviate sexual acts, either complete or attempted, even though violations of subsections of the same criminal statute, so long as the offenses are not lesser included. Here three separate acts were committed, and so the three convictions with concurrent sentences were proper.

■■ Another argument of defendant is that the State's evidence failed to prove beyond a reasonable doubt that there was a substantial step taken toward accomplishment of the act of putting his penis in her mouth to sustain the charge of attempt deviate sexual assault. He insists that the fact he tried to open the victim's mouth with his fingers was not sufficient since that could have been for some other purpose. However, considering that at the time he tried to force her mouth open, defendant was lying on top of the victim with his head at her pubic region and that his pants were pulled down, his argument is without merit. Actually we think the jury drew the only possible reasonable inference from the evidence in finding him guilty of this charge.

■■ Defendant also claims that there was no evidence of force or threat of force as required under the statute to establish deviate sexual assault. According to the victim's testimony, she was threatened with being left in a ditch, and she was afraid of being hurt. Among the circumstances to be considered are the difference in the age of defendant (36) and the victim (15), the victim's condition upon awakening in defendant's car in an unknown place, and defendant's actions in removing her clothes and lying on top of her. We conclude that, under all the circumstances, the jury could properly draw an inference of force or threat of force from the evidence sufficient to support the convictions for deviate sexual assault.

■■ ■ Defendant next contends that the State made an improper and prejudicial reference to the credibility of defendant's alibi witness, Kenneth Keeling, when, during closing argument, the prosecutor argued that Keeling did not contact the police at any time prior to trial because he did not want to give them a chance to check his story. Defendant did not object to this statement during trial and did not include it in his post-trial motion. We conclude that defendant waived any error. (*People v. Pickett* (1973), 54 Ill. 2d 280, 296 N.E.2d 856.) Furthermore, this court previously held that similar prosecutorial comments were proper in *People v. Kester* (1979), 78 Ill. App. 3d 902, 397 N.E.2d 888. Hence, no error occurred, in any event.

■■ Finally, defendant argues that the court erred in giving the jury a dictionary, when they requested one, without inquiring as to the problem they were having and without permitting defendant to be personally present. These arguments are without merit. Furnishing a dictionary is a matter within the discretion of the trial court and should be available as part of the common knowledge of jurors, at least in the absence of any indication of prejudice to defendant. Certainly no substantial rights of defendant were involved that would require his presence. (See *People v. Saltz* (1979), 75 Ill. App. 3d 477, 393 N.E.2d 1292.) We can see no error.

■■ For the reasons stated, we affirm defendant's convictions for deviate sexual assault and attempt deviate sexual assault and reverse the indecent liberties convictions. Because it is not likely the trial court would have been influenced by the indecent liberties convictions when imposing sentence for the specified deviate sexual assault offenses, we believe this cause should not be remanded for resentencing.

Affirmed in part; reversed in part.

ALLOY and STOUDER, JJ., concur.