THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM KALEC, Defendant-Appellant.

Third District   No. 82-74

Opinion filed September 24, 1982.

Robert Agostinelli and Peter A. Carusona, both of State Appellate Defender's Office, of Ottawa, for appellant.

Edward F. Petka, State's Attorney, of Joliet (John X. Breslin and Gerry R. Arnold, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE SCOTT delivered the opinion of the court:

The defendant, William Kalec, was charged by indictment on November 1, 1978, with the murder of Charles Hegstrom. (Ill. Rev. Stat. 1979, ch. 38, par. 9—1(a)(1).) Following plea negotiations, the charge was dropped to voluntary manslaughter. (Ill. Rev. Stat. 1979, ch. 38, par. 9—2(a)(1).) The defendant, represented by counsel, agreed to plead guilty to the lesser charge, and the State agreed to recommend an extended term of imprisonment of 10 years.

The plea agreement was presented to the trial court on August 4, 1980. The court advised the defendant of his rights, the possible consequences of his actions, and ascertained whether the plea was voluntary. The defendant was admonished by the court that an extended term of up to 14 years could be imposed if the court found exceptionally brutal or heinous behavior indicative of wanton cruelty. Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—2.

A factual basis for the plea was made by the State. During the evening of October 15, 1978, Charles Hegstrom attempted to have sexual intercourse with Cheryl Conley, who lived with the defendant. There was a confrontation between the defendant and Hegstrom concerning the incident with Conley. The defendant shot Hegstrom with a sawed-off pump shotgun at close range. Four shots were fired, three

of which struck the deceased. Any three of the shots would have resulted in Hegstrom's death.

The trial court accepted the defendant's plea of guilty. After viewing photographs of the deceased, the court found that the offense was accompanied by exceptionally brutal or heinous behavior. An extended term of 10 years' imprisonment was imposed on the defendant.

There was no post-trial motion to vacate the judgment, nor was there a direct appeal. However, on May 20, 1981, the defendant filed a *pro se* petition for post-conviction relief. He alleged that his plea was involuntary, that his trial counsel had been ineffective, and that voluntary manslaughter was something done in "hot blood" and could not be brutal or heinous. Counsel was appointed to represent the defendant, and an amended petition for post-conviction relief was filed. The defendant's claim of ineffective assistance of trial counsel was repeated.

An evidentiary hearing on the petition was held on February 2, 1982. The defendant testified that his trial counsel refused to file certain pretrial motions and forced him to plead guilty. The allegations made by the defendant were rebutted by his trial counsel, who testified for the State during the hearing. The defendant's attorney claimed to have fully advised the defendant of the possibility of an extended term under the circumstances.

Following the evidentiary hearing, the defendant's petition for post-conviction relief was denied. The court determined that the defendant received effective assistance of trial counsel. The defendant appealed from the denial of his petition.

Many points are raised by both the defendant and the State in their briefs. However, the basic issue argued by the defendant concerns the extended term of imprisonment. Relying upon *People v. Evans* (1981), 87 Ill. 2d 77, 429 N.E.2d 520, the defendant asserts that a judgment of guilty for the offense of voluntary manslaughter precludes a finding that the crime was accompanied by exceptionally brutal or heinous behavior. In *Evans*, the defendant was convicted of voluntary manslaughter based on his unreasonable belief that he was acting in self-defense. He was given an extended term because of the wanton cruelty accompanying the crime. Our supreme court found that actions committed under a subjective but unreasonable belief that such actions were necessary in self-defense do not constitute wanton cruelty.

The defendant states that it is error to apply the aggravating factor of brutal or heinous behavior when a person kills another under a sudden and intense passion resulting from serious provocation by the

deceased. He claims that the gruesome nature of the deceased's wounds do not provide a basis for an extended term. The defendant asks this court to extend *Evans* to killings of this nature.

■ Prior to our consideration of the issues presented for review, a motion taken with the case must be presented. The State filed a motion to strike certain portions of the defendant's brief. Those portions concern statements made by the appellate counsel that the defendant's post-conviction counsel was not aware of *People v. Evans* (1981), 87 Ill. 2d 77, 429 N.E.2d 520, at the time of filing the amended petition or at the time of the evidentiary hearing. The defendant's appellate counsel also stated that he spoke with the post-conviction counsel and learned that the post-conviction counsel was not aware of *Evans*. The defendant claims that the inference can be drawn from the record that post-conviction counsel could not have known about *Evans* because the hearing was held on February 2, 1982, and the decision was not published in the West Advance Sheet Reporter until February 3, 1982.

As pointed out by the State, the defendant's appellate counsel has made unsworn and unverified statements concerning whether post-conviction counsel was informed of certain case law. These statements are evidence not of record. Nor can an inference be drawn that post-conviction counsel could not have known about *Evans* as the case appears in the Official Reports of January 6, 1982. Therefore, the State's motion to strike the statements as evidence not of record is allowed.

Turning to the issue presented in the case at bar, the State argues that the defendant has waived consideration of the issue on appeal because it was not presented in the defendant's amended post-conviction petition. The defendant claims that a sentence which is excessive can be attacked collaterally. (*In re T.E.* (1981), 85 Ill. 2d 326, 423 N.E.2d 910.) He also states that fundamental fairness requires this court to consider the issue. Should we deem the issue waived on appeal, the defendant then asserts that he was denied effective assistance of post-conviction counsel because the issue was not presented in the amended petition.

The State further points out that if the issue had been presented in the post-conviction petition, it would have been an improper basis for relief. The question whether the brutal or heinous aggravating factor should be used to justify an extended term is one of statutory rights and does not involve an issue of constitutional dimension.

■ After considering the arguments by both parties, it appears that a determination of the issue on appeal would be a proper solu-

tion. We have examined the *Evans* case and relevant case law, and find that we do not agree with the defendant's position that *Evans* should be extended. The *Evans* case clearly dealt with a factual situation different from the case at bar. The supreme court was quite explicit in its language that actions committed under the unreasonable belief that the actions were in self-defense do not constitute wanton cruelty. It does not necessarily follow that killing another while under a sudden and intense passion provoked by the deceased cannot be accompanied by brutal or heinous behavior.

 In the instant case, the defendant, while acting under a sudden and intense passion, shot another man. The defendant used a sawed-off pump shotgun which he fired four separate times. Any of the three wounds inflicted on the deceased would have killed him, and yet the defendant continued to fire. We find that this behavior was indicative of wanton cruelty. An extended term was proper based on the aggravating factor applied. *People v. Brown* (1982), 104 Ill. App. 3d 1110, 433 N.E.2d 1081.

Having determined that the *Evans* opinion will not be extended to this situation, it is not necessary to consider the other issues raised on appeal. Therefore, the judgment of the circuit court of Will County is affirmed.

Affirmed.

ALLOY and HEIPLE, JJ., concur.