THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LEROY LEIKER, Defendant-Appellant.

Third District   No. 82—747

Opinion filed June 8, 1983.

Robert Agostinelli and Jean Herigodt, both of State Appellate Defender's Office, of Ottawa, for appellant.

L. Patrick Power, State's Attorney, of Kankakee (John X. Breslin and Vicki R. Wright, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE ALLOY delivered the opinion of the court:

Following a jury trial, the defendant, Leroy Leiker, was convicted of two counts of indecent liberties with a child and one count of indecent solicitation of a child. (Ill. Rev. Stat. 1981, ch. 38, pars. 11—4(a)(2), (3), 11—6.) He was sentenced to a term of four years' imprisonment.

On appeal, the defendant raises four issues: (1) whether he was denied due process of law by an improper determination of his fitness to stand trial; (2) whether the trial judge improperly denied the defendant's motion to suppress his inculpatory statements on the grounds that he had not validly waived his *Miranda* rights; (3) whether the trial judge erred in entering judgment on two counts of indecent liberties with a child where the underlying acts allegedly occurred almost simultaneously and thus constituted one offense; and (4) whether the ambiguity in the defendant's sentence requires a remand for resentencing or for the imposition of additional sentences.

■ Taken with the case is a motion by the State and objections thereto to strike one sentence in the defendant's brief and an affidavit appended to the brief, both of which relate to the defendant's sen-

tence as recorded at Menard Psychiatric Center where the defendant is incarcerated. The purpose of the contested language is to show that the defendant's sentence is ambiguous and was wrongly recorded. Because the affidavit is evidence not of record and the disputed sentence refers to institutional records of the Menard Psychiatric Center which were not before the lower court, we allow the State's motion to strike that material from the record on appeal. *People v. Kalec* (1982), 109 Ill. App. 3d 696, 440 N.E.2d 1254; *People v. Gossage* (1980), 80 Ill. App. 3d 36, 399 N.E.2d 334.

Facts relevant to the issues raised on appeal will be included in this opinion where appropriate.

The defendant first argues that the trial judge improperly failed to resolve the question of his fitness to stand trial by means of a full adversarial hearing. He claims that the judge found that a *bona fide* doubt existed regarding the defendant's fitness and that the judge subsequently erred in failing to conduct a full adversarial fitness hearing to resolve this doubt.

The record indicates that a nonadversarial hearing was held during which a previously ordered psychological report on the defendant was admitted without any discussion. No witnesses were called or any other evidence presented. The trial judge ruled that the defendant was fit to stand trial based solely on the psychologist's report.

The State responds to the defendant's first issue with a threefold argument. First, that the trial judge made no finding that a *bona fide* doubt existed regarding the defendant's fitness to stand trial and thus that the failure to hold a full adversarial hearing was not reversible error. Specifically, the State argues that a psychological examination of the defendant ordered by the trial judge was for the purpose of determining whether a *bona fide* doubt of the defendant's fitness existed not because such a doubt existed. Second, the State contends that the defendant has failed to show that he was prejudiced by the judge's error, if any. Third, the State argues that the defendant has waived any issue regarding the psychological report since he failed to object to the summary admission of the report in the lower court to raise the issue in a post-trial motion.

Addressing the waiver issue first, we hold that the alleged error regarding the determination of the defendant's fitness to stand trial is of such constitutional dimension that we will take cognizance of it under Supreme Court Rule 615(a) (87 Ill. 2d R. 615(a)) despite the defendant's failure to object to the admission of the psychological report or to raise the issue in a post-trial motion. *People v. Teague* (1980), 83 Ill. App. 3d 990, 404 N.E.2d 1054.

■ The failure to follow procedures adequate to protect a defendant's right not to be tried while incompetent violates the defendant's due process rights. (*Pate v. Robinson* (1966), 383 U.S. 375, 15 L. Ed. 2d 815, 86 S. Ct. 836; *People v. Teague* (1980), 83 Ill. App. 3d 990, 404 N.E.2d 1054.) Incompetency is defined as an inability to understand the nature and purpose of the proceedings and/or cooperate with counsel. Once a determination of incompetency has been made, trial may not be had until a restoration to fitness has occurred. Ill. Rev. Stat. 1981, ch. 38, par. 104—10 *et seq.*

■ When facts raising a *bona fide* doubt of a defendant's fitness are made known to the trial court, the court must hold a fitness hearing. (Ill. Rev. Stat. 1981, ch. 38, par. 104—11; *Pate v. Robinson* (1966), 383 U.S. 375, 15 L. Ed. 2d 815, 86 S. Ct. 836.) We are concerned, in the case at bar, with the question of when and how a *bona fide* doubt may be raised. If no such doubt is raised, then the defendant may be tried without the necessity of an adversarial hearing to determine competency.

The defendant asserts a *bona fide* doubt existed in the trial judge's mind when, on July 7, 1982, at a hearing on the defendant's motion for the appointment of an expert to determine fitness, the judge stated: "It appearing to the Court the Defendant may be unable to stand trial, motion to determine Defendant's fitness is referred to Dr. Erwin J. Baukus." If, at that time, the trial judge believed a *bona fide* doubt of the defendant's fitness existed, the ensuing examination was conducted for the purpose of resolving the ultimate question of fitness and should have been considered by the trial judge only in the context of a full adversarial hearing. On the other hand, if the defendant's assertions of incompetency in his motion for appointment of an expert did not create a *bona fide* doubt of his fitness, then the examination by Dr. Baukus was for the purpose of determining whether a *bona fide* doubt of the defendant's fitness existed.

■ The determination of whether a *bona fide* doubt of the defendant's fitness exists rests within the sound discretion of the trial judge, who is in a superior position to observe the defendant and his conduct. (*People v. Bivins* (1981), 97 Ill. App. 3d 386, 422 N.E.2d 1044.) In the instant case, we find no abuse of the trial judge's discretion in ruling that no *bona fide* doubt existed to warrant a full adversarial hearing on the question of the defendant's fitness to stand trial. The trial judge appropriately considered the report by Dr. Baukus in reaching his conclusion that no *bona fide* doubt existed. (*People v. Plecko* (1970), 46 Ill. 2d 301, 263 N.E.2d 66.) Neither the assertions by the defendant in his motion for the appointment of an expert nor

the trial judge's comments that the defendant might be unable to stand trial were sufficient to raise a *bona fide* doubt.

The second issue raised by the defendant is whether the trial judge erred in refusing to suppress certain incriminating statements made by the defendant to the police. The defendant's suppression motion was based in part on the allegation that his mental incapacity precluded a knowing and intelligent waiver of his *Miranda* rights. Reliance was placed on the psychological report prepared by Dr. Baukus. This report indicated that the defendant's intellectual capacity was above that of mental retardation but in the borderline range of intelligence. The defendant's IQ was measured at 75, giving him a mental age of 11 years, 11 months. His grammar, syntax and vocabulary were rated poor. He showed limited insight concerning the seriousness of the charges. Dr. Baukus concluded that the defendant understood his *Miranda* rights at the time of the examination.

The defendant testified at the suppression hearing that he attended special education classes in school and that he thought he was considered retarded.

On June 12, 1982, the day the offenses were committed, the defendant was orally advised of his *Miranda* rights by the arresting officer. The officer testified that the defendant understood his rights. He also stated that the defendant was upset and sobbed intermittently. The defendant did not make a statement on June 12.

The following day, standard *Miranda* warnings were read to the defendant from a card. Before the defendant gave a statement to the police officer questioning him, he was again read his rights from a form. The form was written in the first person, and the detective did not change the wording to the second person. The defendant again stated that he understood his rights. He made a statement, which was transcribed and read back to him. The defendant then signed a form which included a waiver clause. At that point the defendant asked about his court date and stated that he wanted three lawyers. The final draft of the defendant's statement was signed by the defendant 45 minutes after the questioning began.

■ In reviewing the totality of circumstances surrounding the defendant's confession, we hold that a preponderance of the evidence demonstrates that the defendant understood and knowingly waived his constitutional rights. (*Miranda v. Arizona* (1966), 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602; *People v. Avery* (1980), 88 Ill. App. 3d 771, 410 N.E.2d 1093.) No abuse of the discretion accorded the trial judge has been shown. *People v. Noe* (1980), 86 Ill. App. 3d 762, 408 N.E.2d 483.

■ A defendant's subnormal mental capacity does not automatically render a confession invalid. Where, as in the case at bar, the record shows that the defendant's subpar mentality does not interfere with his ability to comprehend the meaning of the *Miranda* warnings, his confession will not be suppressed. *People v. Henderson* (1980), 83 Ill. App. 3d 854, 404 N.E.2d 392; *People v. DeSimone* (1966), 67 Ill. App. 2d 249, 214 N.E.2d 305.

The third issue raised is whether the trial court properly entered judgment on two separate counts of indecent liberties when the acts upon which the counts were based were allegedly simultaneous in nature. A brief review of the facts underlying the defendant's convictions is necessary to a resolution of this issue.

On June 12, 1982, the defendant and two minors, Jason and Robin, rode their bicycles to a septic tank in the trailer court where all of them lived. They climbed into the septic tank. The defendant took his clothes off and asked Jason and Robin to do the same. Both children testified that the defendant placed his mouth on Jason's sex organ and his anus. It is these two acts which form the basis of the two indecent liberties convictions, one based on an act of deviate sexual conduct and the other on an act of lewd touching. Ill. Rev. Stat. 1981, ch. 38, pars. 11—4(a)(2), (3).

■ The defendant argues that the acts were committed almost simultaneously on a single victim and thus constituted one transaction and one offense, citing *People v. Cox* (1972), 53 Ill. 2d 101, 291 N.E.2d 1, as controlling. We reject the defendant's argument and his reliance upon *Cox*. As we stated in *People v. Zeiger* (1981), 100 Ill. App. 3d 515, 426 N.E.2d 1229, in light of more recent Illinois Supreme Court pronouncements on the subject of multiple convictions stemming from closely related acts, the rationale of *Cox* is no longer controlling as to multiple convictions and concurrent sentences. (*People v. Zeiger* (1981), 100 Ill. App. 3d 515, 517, 426 N.E.2d 1229, 1231.) Where offenses arise from a series of closely related acts and the offenses are not, by definition, lesser included offenses, multiple convictions with concurrent sentences can be entered. *People v. King* (1977), 66 Ill. 2d 551, 363 N.E.2d 838; *People v. Dixon* (1982), 91 Ill. 2d 346, 438 N.E.2d 180.

■ In the case at bar, the acts committed upon Jason Hubert were clearly two separate acts, involving abuse to two separate parts of the boy's body. The defendant's two convictions for indecent liberties with a child can stand.

The final issue raised by the defendant is whether the ambiguity in the defendant's sentence requires a vacation of the defendant's

sentence and a remand for resentencing. The defendant was found guilty of three charges, two counts of indecent liberties with a child and one count of indecent solicitation. Our review of the lower court proceedings indicates that each of these convictions is valid. The defendant was sentenced to a single four-year term of incarceration.

The sentence imposed is incomplete, not ambiguous. The record shows the trial judge entered judgment on all three counts, yet only one sentence was given. In pronouncing sentence, the trial judge stated:

> "This particular case is perplexing for the Court in terms of the fact that LeRoy's condition is not unknown to everybody involved. The *offense* for which he was convicted is *a* Class 1, providing a mandatory penitentiary sentence of four years if the Court elects to sentence the Defendant to the penitentiary.
>
> * * *
>
> *** and I will impose upon this Defendant the minimum sentence that the law requires, which is a term of no less than four years in the Department of Corrections."

Indecent liberties is a Class 1 felony, punishable by a term of imprisonment of not less than four nor more than 15 years. Indecent solicitation is a Class A misdemeanor, punishable by any term of imprisonment less than one year. Probation is an option for both classes of crime. Ill. Rev. Stat. 1981, ch. 38, pars. 11—4(e), 11—6(c), 1005—8—1(a)(4), 1005—8—3(a)(1), 1005—6—1.

▄ Apparently, the trial judge intended to sentence the defendant for only one offense, that is, one of the two indecent liberties convictions. Because a judgment of conviction is not final until a sentence is imposed (*People v. Wilkins* (1980), 83 Ill. App. 3d 41, 403 N.E.2d 799), we must remand this cause for the purpose of imposing sentence upon the two remaining convictions, one for indecent liberties, the other for indecent solicitation.

This cause is remanded to the circuit court of Kankakee County for the imposition of sentence on one count of indecent liberties and one count of indecent solicitation. In all other respects, the judgment is affirmed.

Affirmed, cause remanded.

SCOTT and BARRY, JJ., concur.